1  GREGORY M. FOX, STATE BAR NO. 070876
2  Bertrand, Fox & Elliot
   The Waterfront Building - 2749 Hyde Street
3  San Francisco, California   94109
   Telephone: (415) 353-0999
4   FAX  (415) 353-0990
   Attorneys for Defendants CITY OF OAKLAND
5  and POLICE CHIEF RICHARD WORD

6  (List of Additional Counsel Attached)

7

8                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| 10  SRI LOUISE COLES, et al. | File No.  C03-2961 TEH (JL) |
| 11       Plaintiffs | |
| 12  vs. | File No.  No. C 03-2962 TEH (JL) |
| 13  CITY OF OAKLAND, a municipal entity, et al. | Hon. Thelton E. Henderson |
| 14 | |
| 15       Defendants | **CORRECTED STIPULATION AND (PROPOSED) PROTECTIVE ORDER** |
| 16  LOCAL 10, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, et al., | |
| 17 | |
| 18       Plaintiffs, vs. | |
| 19  CITY OF OAKLAND; et al., | |
| 20       Defendants. | |
| 21 | |

1
2  MICHAEL J. HADDAD, ESQ (State Bar No. 189114)
   JULIA SHERWIN, ESQ. (State Bar No. 189268)
   Haddad & Sherwin
3  505 Seventeenth Street
   Oakland, California  94612
4  Telephone: (510) 452-5500
   FAX: (510) 452-5510
5
6  WILLIAM H. GOODMAN, WG 1241
   Moore & Goodman, LLP
   740 Broadway, 5th Floor
7  New York, NY 10003
   Telephone: (212) 353-9587
8   FAX (212) 254-0857

9  **Attorneys for Plaintiffs Sri Coles et al   C03-2961**

10 JAMES B. CHANIN, SBN 76043
   JULIE M. HOUK, SBN 114968
11 LAW OFFICES OF JAMES B. CHANIN
   3050 Shattuck Avenue
   Berkeley, California 94705
12 Telephone:  (510) 848-4752

13 FAX (510) 848-5819

14 JOHN L. BURRIS, SBN 69888
   7677 Oakport Street, Suite 1120
15 Oakland, CA 94621
   Telephone:  (510) 839-5200

16  FAX (510) 839-3882

17 RACHEL LEDERMAN, SBN 130192
   NATIONAL LAWYERS GUILD and
18 Law Offices of Rachel Lederman and Alexsis C. Beach
   558 Capp Street
19 San Francisco, CA 94110
   Telephone:(415) 282-9300
20  FAX (415) 285-5066

21 ALAN L. SCHLOSSER, SBN 49957
   JULIA HARUMI MASS SBN 189649
22 MARK SCHLOSBERG, SBN 209144
   AMERICAN CIVIL LIBERTIES UNION
23 FOUNDATION OF NORTHERN
   CALIFORNIA, 1663 Mission Street, Suite 460
   San Francisco, CA 94103
24 Telephone: (415) 621-2493
    FAX (415) 255-8437
25
   **Counsel for Plaintiffs Local 10 Longshore and Wherehouse Union et al.**
26 **C03-2962 THE (JL)**

27

28

1
2  John A. Russo Esq. State Bar No. 129729
   City Attorney
3  Randolph W. Hall, Esq.  State Bar No. 080142
   Chief Asst. City Attorney
4  Office of the City Attorney
   One Frank H. Ogawa Plaza, 6th Floor
5  Oakland CA  94612
   Telephone:      (510) 238-3601
6   FAX (510) 238-6500

7  **Counsel for defendant CITY OF OAKLAND et al**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREAS, discovery in the above-captioned case (the "Litigation") is ongoing; and

WHEREAS, information and documents which may be sought in discovery and which may be exchanged among the parties and their respective counsel may be of a confidential, private and/or proprietary nature and one of the purposes of the order is to protect the confidentiality of such information;

IT IS HEREBY STIPULATED between all Plaintiffs and their attorneys, by and through their attorneys JAMES CHANIN, individually and on behalf of the LAW OFFICES OF JAMES B. CHANIN, JOHN L. BURRIS, Esq. individually and on behalf of the LAW OFFICES OF JOHN L. BURRIS, MICHAEL HADDAD, individually and on behalf of HADDAD & SHERWIN, and Defendant CITY OF OAKLAND, by and through its attorney GREGORY J. FOX, as follows:

1. Any "document" (defined herein as including documents, exhibits, answers to interrogatories, responses to requests for admissions and deposition transcripts) produced either by a party or by a nonparty to or for any of the parties shall be governed by this stipulation and protective order if it contains or comprises confidential or personal information relating to any individual.

2. Any of the following categories of documents produced by any party or nonparty as part of discovery in this action can be designated by said producing entity as "Confidential." Absent a specific order by this Court, such information, once designated as such, shall be used by the parties solely in connection with the above-captioned proceeding, and not for any other purpose or function and such information shall not be disclosed to anyone except as provided herein. Any of the following documents shall be defined as "confidential" without the necessity of a prior designation:

 (a) Personnel files and/or personnel records as defined by California Penal Code sections 832.5, 832.7 regarding any officer of the Oakland Police Department.

 (b) Records of the finances of individuals.

    (c)    Records of investigations, including Shooting Review Boards, conducted by the Oakland Police Department for the purpose of evaluating the department's training or policy (excluding all such records already produced as of the date of entry of this protective order).

    (d)    Medical Records.

    (e)    Any Oakland Police Department policy or procedure already designated by the department as "Restricted".

Parties to this action may agree at a future time to expand or narrow this definition of "Confidential Records." The parties may not deem "confidential" any records that are already in the public domain or that have not been kept confidential by the Oakland Police Department, accept as otherwise provided herein.

3.    Any party or nonparty wishing to comply with the provisions of this stipulation and protective order shall designate the documents, or portions thereof, which are considered confidential at the time such documents are produced by marking them "Confidential" or by notifying counsel for all parties to whom documents have been produced within ten (10) days of production that a particular document that has been produced is designated "Confidential." For deposition testimony, the witness or his counsel shall invoke the provisions of the stipulation and protective order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or by designation of the deposition transcript, or portions thereof, as "Confidential" within fourteen (14) days after counsel receives the deposition transcript. No person shall attend portions of the depositions designated "Confidential" unless such person is an authorized recipient of documents containing such confidential information under the terms of the stipulation and protective order. Any court reporter who transcribes testimony in this action at a deposition shall agree that all "Confidential" testimony is and shall remain confidential and shall not be disclosed except as provided in this stipulation and order, and that copies of any transcript,

reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys or record or filed under seal with the Court.

4. If any document designated to be confidential pursuant to this stipulation and order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential information shall be sealed and stamped as AConfidential,@ and access thereto shall be limited pursuant to the other terms of the stipulation and order. If counsel subsequently designates any deposition transcript, or portion thereof, as AConfidential,@ pursuant to paragraph 3, counsel shall inform the court reporter so that the court reporter will treat the transcript as confidential pursuant to their terms of this stipulation and order.

5. Documents marked "Confidential," or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated in any way only to parties, including an officer, director, manager, supervisor, or in-house counsel of a party; counsel for the parties, including certified law students, or an employee or contractor of such counsel to whom it is necessary that the material be shown for purposes of this litigation; other employees of a party for the sole purpose of working directly on the litigation; and third party consultants and independent experts to whom it is necessary that the material be shown for purposes of this litigation.

6. If an attorney for any party in this litigation desires to give, show, make available or communicate any document marked "Confidential" to any person who is not specifically authorized to have access to such document pursuant to paragraph 5, the requesting attorney will disclose to the attorney for the party who produced the document the name of the person to whom disclosure of the document is sought. The attorneys will then have ten (10) days to negotiate the terms of disclosure to that person and, if no agreement can be reached, the requesting attorney may

seek leave of court on notice to make the disclosure in question.

7. Each person other than employees or contractors permitted by the parties or their counsel to have access to documents marked "Confidential" pursuant to terms of this stipulation and order shall, prior to being afforded such access, be shown the stipulation and protective order and shall sign an agreement in the form attached hereto as Exhibit "A" stating that he or she has read and understands its terms and shall abide by them. A file shall be maintained by the attorneys or record of all written agreements signed by persons to whom such documents have been given, which file shall be available for inspection in camera by the Court upon a showing of good caused pursuant to a noticed motion.

8. In addition to the foregoing restrictions on access to documents, the parties agree that no person other than counsel shall have access to any of the following documents which are unrelated to job performance or which contain specific identity information (such as personal addresses or social security numbers):

   (a) Records maintained by a Oakland Police Department on any other police officer.

   (b) Records maintained by the Oakland Police Department on any of its employees.

   (c) Any record setting forth the address of any party or witness to the action.

The documents referred to in this paragraph may be revealed only to counsel of record for the plaintiff, including certified law students, or an employee or contractor of such counsel to whom it is necessary that the material be shown for purposes of this litigation; third party consultants and independent experts to whom it is necessary that the material be shown for purposes of this litigation; and any other person as to whom the parties first agree in writing, which agreement will not be unreasonably withheld.

9. The parties agree that the parties will follow Local Rule 79-5 with respect to the use of any documents covered by this stipulation.

10. The attorney for the party designating information as "Confidential" shall, in the

first instance, in good faith determine whether information constitutes confidential information covered by the stipulation and protective order. The attorney for the receiving party is to make a good faith review of the designated materials. Should the attorney for the receiving party object to such confidential designation, that party must notify the producing party in writing within thirty (30) days of the date of service of written responses to interrogatories or requests for admissions, or thirty (30) days following the date of service or documents in response to a demand for production of documents. In the case of deposition testimony and/or exhibits thereto, the objecting party must notify the producing party in writing of its objection and proposed alternative designation within thirty (30) days of the date of service of the producing party's designation.

Within fifteen (15) days following the service of the objecting party's written objections (the "Meet and Confer Period"), the parties shall meet and confer in writing to resolve such objections. If the parties resolve such objections, the information shall reflect the designation, or lack thereof, as agreed by the parties. If, however, the parties are unable to resolve such objections, the producing party shall, within fifteen (15) days, following the termination of the Meet and Confer Period, apply to the Court to classify the designated information otherwise; provided however, that any information, the designation of which is subject to dispute, shall be treated as confidential subject to stipulation and protective order pending further order of the Court. If the producing party fails to apply to the Court within the allotted time, the information will be redesignated to conform to the objecting party's last proposed alternative designation. The party who desires to have any document accorded confidentiality shall bear the burden of proving that each such document is entitled to the protection accorded to confidential documents.

11.     No party shall be obligated to challenge the propriety of any designation of any "confidential" information by the other party or person and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the designation.

12.     The attorneys of record for the parties are in accord with the above terms of this stipulation and protective order as acknowledged hereafter by their signatures, and have requested the Court to enter this stipulation and protective order.

13. The terms of this stipulation and protective order shall apply to all manner and means of discovery, including inspection of books, records and documents.

14. This stipulation and protective order shall be effective from the date of the execution of the order.

15. Upon termination of this litigation, the originals and all copies of confidential documents shall be turned over to counsel for the party who produced such documents or disposed of in some other manner that is mutually agreeable among the parties.

16. This stipulation and protective order is entirely without prejudice to the right of anyone to apply to the Court for an order modifying this stipulation and protective order in any respect. The Court retains jurisdiction for six (6) months after the termination of this action to enforce this order and, upon motion of any party hereto, to make amendments, modifications, deletions or additions to this order as the court may deem appropriate.

17. The termination of proceedings in this action shall not thereafter relieve the parties from the obligations of maintaining the confidentiality of all material designated as confidential which is received pursuant to this stipulation and order; provided, however, that this paragraph shall not apply to any material which is or becomes publicly available.

IT IS SO STIPULATED.

Dated: August 11, 2005

/s/ _____
JOHN L. BURRIS,
Attorney for Local 10 Plaintiffs

Dated: August 11, 2005

/s/ _____
JULIE HOUK
Attorney for Local 10 Plaintiffs
(with JAMES CHANIN)

1

2  Dated: August 11, 2005

3                                           /s/ _____
                                            MICHAEL J. HADDAD
4                                           Attorney for Plaintiffs Sri Louise Coles" et al.

5

6  Dated: August 11, 2005                   /s/ _____
                                            GREGORY M. FOX
7                                           Attorney for Defendants City of Oakland et al.

8

9  *I hereby attest that I have on file all holograph signatures for any signatures indicated by a*

10 *"conformed" signature (/s/) within this e-filed document.  Dated: August 11, 2005.*

11

12

13                                          /s/ _____
14                                          MICHAEL J. HADDAD

15

16          BY STIPULATION OF THE PARTIES, IT IS SO ORDERED.

17

18

19  _____                          _____
    DATE                                    THELTON E. HENDERSON
20                                          DISTRICT JUDGE

21                            *IT IS SO ORDERED*
                              *Judge Thelton E. Henderson*
22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Court for the Northern District of California on _____[date] in Case Nos. C-03-2961 and 2962 TEH (JL). I agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____[print or type full name] of_____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____