IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LOCAL 10, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, et al.,

    Plaintiffs,

v.

CITY OF OAKLAND, et al.,

    Defendants.

NO. C03-2962 TEH

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF LOCAL 10, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION

       This matter comes before the Court on Defendants' motion for summary judgment on all claims asserted by Plaintiff Local 10, International Longshore and Warehouse Union. After carefully considering the parties' written arguments and the record in this case, the Court has determined that oral argument is unnecessary and hereby cancels the hearing scheduled for Monday, November 28, 2005. The Court now GRANTS IN PART and DENIES IN PART Defendants' motion as follows:

       1. The motion is DENIED as to Local 10's First Amendment claims because there are disputed issues of material fact, thus making summary adjudication improper. For example, while reasonable minds may differ, the Court concludes that whether police officers on the scene recognized longshoremen as a separate group rather than as part of the protest, and therefore whether any longshoremen were subjected to force as a result of union-based animus, is a genuine issue for trial. Similarly, it is a genuine issue for trial whether an observer would have reasonably understood that the union members were intending to communicate respect for the demonstration by standing by, and therefore whether the longshoremen were engaged in expressive conduct.

       The Court need not rule on Defendants' objections to evidence because the Court did not rely on any of the disputed evidence in reaching these conclusions.

2. The motion is GRANTED as to Local 10's state constitutional claims. Although Local 10 asserts claims based on free speech and free association under the California constitution, the union failed to raise any opposition to Defendants' argument that these claims do not give rise to monetary damages. The Court construes such silence as a concession. Because all injunctive and declaratory relief claims have been dismissed pursuant to the parties' settlement agreement, judgment to Defendants on these claims as asserted by Local 10 is therefore proper.

3. The motion is GRANTED in all other respects as unopposed. Although Local 10 asserted various other claims in the third amended complaint, the union made clear in its opposition papers that it only seeks damages based on its state and federal constitutional free speech and free association claims.

**IT IS SO ORDERED.**

DATED:  11/18/05

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT