1

2      IN THE UNITED STATES DISTRICT COURT

3      FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5   SRI LOUISE COLES, et al.,

6                           Plaintiffs,              NO. C03-2961 TEH

7                   v.                               ORDER GRANTING IN PART
                                                     AND DENYING IN PART
8   CITY OF OAKLAND, et al.,                         MOTIONS FOR SUMMARY
                                                     JUDGMENT OR PARTIAL
9                           Defendants.              SUMMARY ADJUDICATION

10  ──────────────────────────

11  LOCAL 10, INTERNATIONAL
    LONGSHORE AND WAREHOUSE
12  UNION, et al.,

13                          Plaintiffs,              NO. C03-2962 TEH

14                  v.

15  CITY OF OAKLAND, et al.,

16                          Defendants.

17

18          These matters come before the Court on three motions: (1) Defendants' motion for

19  summary judgment against the remaining individual plaintiffs in *Local 10*; (2) Plaintiffs'

20  motion for partial summary adjudication in *Coles*; and (3) Defendants' motion for partial

21  summary adjudication in *Coles*.  After carefully considering the parties' written arguments

22  and the record in this case, the Court has determined that oral argument is only necessary on

23  the limited issues of whether or not it was clearly established that the Fourth Amendment

24  applies to the circumstances of this case and, therefore, whether or not Defendants are

25  entitled to qualified immunity on Plaintiffs' Fourth Amendment claims.  On all other issues,

26  the Court now rules as follows:

27          1.  The *Local 10* Defendants' motion for summary adjudication of Plaintiffs' privacy

28  claim is GRANTED as unopposed.

*United States District Court*
For the Northern District of California

2.  The *Local 10* Defendants' motion for summary adjudication of Plaintiffs' First Amendment claim is DENIED.  As explained in the Court's order granting in part and denying in part the *Local 10* Defendants' motion for summary judgment against Plaintiff Local 10, International Longshore and Warehouse Union, disputed issues of material fact remain on the issue of whether the union member plaintiffs' First Amendment rights were violated.[1]  Similarly, the Court cannot say that it would be impossible for a reasonable jury to find that Plaintiff Jack Heyman was arrested or subjected to force because of anti-union animus.

3.  The *Coles* Defendants' motion for summary adjudication of Plaintiffs' First Amendment claims is DENIED.  The Court cannot say that the evidence, when viewed in a light most favorable to Plaintiffs, could not support a claim under the First Amendment.  Nor can the Court conclude that Defendants would be entitled to qualified immunity if Plaintiffs' version of the facts is believed.

4.  The *Local 10* and *Coles* Defendants' motions for summary adjudication of Plaintiffs' Fourth Amendment claims are GRANTED as unopposed as to individual plaintiffs' claims against those individual defendants who did not use or authorize the use of force against those plaintiffs and who played no role in arresting those plaintiffs.  The *Coles* Plaintiffs specifically do not contest granting summary adjudication to Defendants Poulson, Hogenmiller, Tracey, Oerlemans, Knight, Romans, Moore, and Fukuda.  However, Plaintiffs in both cases failed to identify any other defendants with specificity, and the parties are therefore ordered to meet and confer and to file a stipulation and proposed order – one in *Coles* and one in *Local 10* – regarding which plaintiffs' claims against which individual defendants should be summarily adjudicated in Defendants' favor on the basis of Plaintiffs'

---

[1]Defendants argue that the union member plaintiffs conceded their free speech claim when they admitted that they were not protesting or engaged in any protest activity. However, as the Court explained in its order on Defendants' motion against the union plaintiff, it remains disputed whether union members were engaged in expressive conduct because it is not clear whether an observer would have reasonably understood that the union members were intending to communicate respect for the demonstration by standing by.

United States District Court
For the Northern District of California

1    non-opposition.  These stipulations and proposed orders shall be filed no later than **Monday,**

2    **December 12, 2005.**

3        5.  The Court finds that there are disputed issues of fact regarding whether the Fourth

4    Amendment governs Plaintiffs' claims based on the use of force.  It remains possible that a

5    jury could find that Plaintiffs were subjected to a Fourth Amendment "seizure," the contours

6    of which the Court discussed in its order denying Defendants' motion to dismiss Plaintiffs'

7    Fourth Amendment claims.[2]  Similarly, disputed facts prevent this Court from entering

8    summary adjudication for either Plaintiffs or Defendants on the question of whether, if

9    Plaintiffs were "seized," Defendants' use of force was objectively reasonable under the

10   circumstances.  Accordingly, the *Coles* Plaintiffs' motion for summary adjudication of their

11   Fourth Amendment claims, including their request that the Court find Defendants City of

12   Oakland, Word, Haw, and Yee liable under the Fourth Amendment and California Civil

13   Code section 52.1 as a matter of law, is DENIED.  The *Local 10* and *Coles* Defendants'

14   motions are also DENIED to the extent that they rely on these issues.

15       6.  The *Local 10* and *Coles* Defendants' motions are also DENIED to the extent that

16   Defendants argue that they are entitled to qualified immunity if the Fourth Amendment

17   governs Plaintiffs' claims.  Whether it would have been clear to a reasonable officer that his

18   or her actions violated the Fourth Amendment, if it applies, depends on resolution of

19   disputed factual issues.

20       7.  However, both of Defendants' motions remain under submission on the Fourth

21   Amendment claims because the Court will entertain oral argument on the limited issues of

22   whether or not it was clearly established that the Fourth Amendment applies to the

23   circumstances of this case and, therefore, whether or not Defendants are entitled to qualified

24   immunity on Plaintiffs' Fourth Amendment claims.  The Court will hear such argument at the

25   scheduled hearing on **December 12, 2005, at 10:00 AM.**

26   _____

27       [2]The *Local 10* Defendants argue that the union member plaintiffs' Fourth Amendment
     claims are distinct because, unlike the protestors, union members were allowed to stay at the
28   Port on the day of the protest.  However, it is disputed whether union members were
     subjected to force because they were mistakenly considered to be participants in the protest.

3

**United States District Court**
For the Northern District of California

1    8.  Because the Court finds that disputed facts remain regarding the reasonableness of

2    the use of force by Defendants, the Court also DENIES the *Local 10* and *Coles* Defendants'

3    motions for summary adjudication of Plaintiffs' state-law claims on the basis of immunity

4    under California Government Code section 820.2.

5    9.  The Court need not rule on the parties' objections to evidence because the Court

6    did not rely on any of the disputed evidence in reaching the above conclusions.

7    Finally, the Court notes the *Local 10* Defendants' contention, which has not been

8    disputed by Plaintiffs, that only seven individual plaintiffs remain in the *Local 10* case:

9    Plaintiffs Jack Heyman, Allen Chapman, Christopher Clay, Ernest Evans, Billy Kepo'o,

10   Lawrence Massey, and Byron Moore.  However, the parties do not appear to have filed any

11   documents resolving the claims of Plaintiffs John Nishinaga, Willow Rosenthal, and Cliff

12   Close.  Nor do the parties appear to have filed stipulations and proposed orders dismissing

13   the individual officer defendants as to Plaintiffs Scott Fleming and Lawrence Menard, both

14   of whom accepted Rule 68 offers of judgment.  Accordingly, IT IS FURTHER ORDERED

15   that the parties shall meet and confer on these issues prior to the December 12 hearing and

16   either (1) provide the Court at the December 12 hearing with docket numbers of the

17   identified documents if the Court is incorrect and such documents have already been filed or

18   (2) be prepared to report to the Court, under penalty of perjury, at the December 12 hearing

19   that the identified documents have been or will be filed on or before **December 12, 2005**, if

20   the Court is correct and such documents have not already been filed.

21

22   **IT IS SO ORDERED.**

23

24   Dated:   12/06/05

25   THELTON E. HENDERSON, JUDGE
     UNITED STATES DISTRICT COURT

26

27

28

4